**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KELLY PINN,** | § | |
| **Individually and on behalf of similarly** | § | |
| **situated persons,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO.: 4:23-cv-01208-Y** |
| | § | |
| **HUFSEY HOME SERVICES, INC.** | § | |
| **D/B/A ONE HOUR AIR** | § | |
| **CONDITIONING & HEATING AND 33** | § | |
| **MILE RADIUS LLC D/B/A** | § | |
| **EVERCONNECT,** | § | |
| | § | |
| *Defendants.* | § | |

<u>**33 MILE RADIUS LLC'S MOTION TO DISMISS AND BRIEF IN SUPPORT**</u>

GREENBERG TRAURIG LLP

Christopher S. Dodrill
State Bar No. 24110696
christopher.dodrill@gtlaw.com
Alex E. Hartzell
State Bar No. 24126522
alex.hartzell@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Lori Chang (*Pro Hac Vice*)
changl.@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

**ATTORNEYS FOR DEFENDANT 33
MILE RADIUS LLC D/B/A
EVERCONNECT**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ....................................................................................................... 1

II.    PLAINTIFF'S FACTUAL ALLEGATIONS ............................................................ 2

III.   APPLICABLE LEGAL STANDARD ...................................................................... 3

IV.   ARGUMENT AND AUTHORITIES ....................................................................... 3

     A.    The Complaint Should Be Dismissed Because Plaintiff Does Not Allege That EverConnect Placed the Offending Calls. .............................................................. 3

     B.    The TCPA Claim Should Also Be Dismissed Because Plaintiff Does Not Plead an Actionable Violation under 47 U.S.C. § 227(c). .................................................. 6

          1.    Plaintiff Fails to Allege More than One Actionable Call as Required by the Plain Terms of the Statute. ................................................................... 6

          2.    Plaintiff Cannot Assert a Cause of Action under 47 U.S.C. § 227(c) because the Alleged Calls Were Made to a Cellular Number and Therefore Were Not Calls Made to a "Residential Telephone Subscriber." .............................................................................................. 7

               a.    The pertinent language of the TCPA applies only to "residential telephone subscribers." ............................................... 7

               b.    Consistent with the statute, the DNC regulation under 47 C.F.R. § 64.1200(c)(2) applies only to "residential telephone subscribers." .............................................................. 8

               c.    Federal courts strictly and narrowly construe the TCPA's language. ........................................................................................ 9

               d.    Courts are divided, but those considering the statutory language have concluded that section 227(c) excludes calls to cell phones. ............................................................................. 11

V.    CONCLUSION ...................................................................................................... 15

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Alexander v. Sandoval*,
532 U.S. 275 (2001) ..........................................................................................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................3

*Breslow v. Wells Fargo Bank, N.A.*,
755 F.3d 1265 (11th Cir. 2014)...........................................................................9

*Breslow v. Wells Fargo Bank, N.A.*,
857 F. Supp. 2d 1316 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014) ...................10

*Callier v. Greensky, Inc.*,
No. EP-20-CV-00304-KC, 2021 WL 2688622 (W.D. Tex. May 10, 2021) ...................10, 11

*Chevron v. Natural Resources Def. Council, Inc.*,
467 U.S. 837 (1984) ..........................................................................................13

*Collins v. Sonic Corp.*,
No. CIV-20-01067-JD, 2022 WL 2298194 (W.D. Okla. June 22, 2022) ...............................7

*Crittendon v. Tex. Health & Hum. Servs. Comm'n*,
No. 1:23-CV-00327-LY-SH, 2023 WL 3483358 (W.D. Tex. Apr. 13, 2023) .........................3

*Cunningham v. Carribean Cruise Lines, Inc.*,
No. 15-62580-CIV-MORENO, 2016 WL 7494871 (S.D. Fla. Dec. 29, 2016)...............10, 11

*Cunningham v. Creative Edge Mktg. LLC*,
No. 4:19-CV-00669-ALM-CAN, 2021 WL 2792353 (E.D. Tex. June 16,
2021)..................................................................................................................11

*Cunningham v. Daybreak Solar Power, LLC*,
No. 4:22-cv-00599-O, 2023 WL 3985245 (N.D. Tex. June 13, 2023) ...............................4, 5

*Cunningham v. Spectrum Tax Relief, LLC*,
No. 3:16-2283, 2017 WL 3222559 (M.D. Tenn. July 7, 2017)............................................11

*Facebook, Inc. v. Duguid*,
141 S. Ct. 1163 (2021) .....................................................................................8, 9

*FTC v. Hornbeam Special Situations, LLC*,
No. 1:17-cv-3094-TCB, 2018 WL 6254580 (N.D. Ga. Oct. 15, 2018) ................................ 14

*Gager v. Dell Fin. Servs., LLC*,
727 F.3d 265 (3d Cir. 2013) ............................................................................................. 10

*Gaker v. Q3M Ins. Sols.*,
No. 3:22-CV-00296-RJC-DSC, 2023 WL 2472649 (W.D.N.C. Feb. 8, 2023) ............... 12, 14

*Glasser v. Hilton Grand Vacations Co., LLC*,
948 F.3d 1301 (11th Cir. 2020) ......................................................................................... 13

*Guadian v. United Tax DEF. LLC*,
No. EP-23-CV-00349-KC, 2024 WL 140249 (W.D. Tex. Jan. 12, 2024) ..................... 11, 12

*Hamdan v. Rumsfeld*,
548 U.S. 557 (2006), *superseded by statute on other grounds* .............................................. 10

*Hunsinger v. Alpha Cash Buyers*,
No. 3:21-cv-1598-D, 2022 WL 562761 (N.D. Tex. Feb. 24, 2022) (relying on
policy arguments set forth in the 2003 FCC Order) ....................................................... 11, 12

*Hunsinger v. Dynata LLC*,
No. 3:22-cv-00136-G-BT, 2023 WL 2377481 (N.D. Tex. Feb. 7, 2023) ................. 4, 5, 6, 12

*Katz v. Caliber Home Loans, Inc.*,
No. 3:23-CV-0145-S, 2023 WL 5311488 (N.D. Tex. Aug. 17, 2023) ............................ 3, 4, 5

*Morgan v. U.S. Xpress, Inc.*,
No. 3:17-cv-00085, 2018 WL 3580775 (W.D. Va. July 25, 2018) ...................................... 11

*Morris v. Lincare, Inc.*,
No. 8:22-cv-2048-CEH-AAS, 2023 WL 5336780 (M.D. Fla. Aug. 18, 2023) ...................... 10

*Osorio v. State Farm Bank, F.S.B.*,
746 F.3d 1242 (11th Cir. 2014) ........................................................................................... 9

*PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*,
139 S. Ct. 2051 (2019) ...................................................................................................... 13

*PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*,
982 F.3d 258 (4th Cir. 2020) ............................................................................................. 13

*Pinn v. Cyclebar Franchising, LLC*,
No. 3:23-cv-01540-G (N.D. Tex. July 7, 2023) .................................................................... 7

*Pinn v. Cyclebar Franchising, LLC*,
No. 3:23-cv-01540-M, 2023 WL 8374749 (N.D. Tex. Dec. 4, 2023) ................................ 4, 6

*Pinn v. Energy Solutions Direct Solar*,
   No. 3:21-cv-02330-X (N.D. Tex. Sept. 30, 2021) ................................................................7

*Pinn v. Ethos Technologies, Inc.*,
   No. 3:23-cv-03869-AMO (N.D. Cal. Aug. 2, 2023) ...........................................................7

*Pinn v. Live Calls Network, LLC*,
   No. 8:23-cv-02927-DLB (D. Md. Oct. 27, 2023) ................................................................7

*Pinn v. Nations Auto Prot. LLC et al.*,
   No. 3:22-cv-05810-ZNQ-LHG (D.N.J. Sept 30, 2022) ......................................................7

*Pinn v. TogetherHealth Ins., LLC*,
   No. 3:23-cv-00251-L (N.D. Tex. Feb. 3, 2023)...................................................................7

*Pinn v. United Ins. Professionals, LLC*,
   No. 2:24-cv-00127-MHW-EPD (S.D. Ohio Jan. 1, 2024) ..................................................7

*Pinn v. Vehicle Prot. Services, LLC*,
   No. 3:21-cv-02907-N (N.D. Tex. Nov. 19, 2021)...............................................................7

*Pinn v. Vehicle Prot. Specialists, LLC*,
   No. 3:23-cv-00790-K (N.D. Tex. Apr. 13, 2023) ...............................................................7

*Pinn v. Xponential Fitness, Inc.*,
   No. 3:22-cv-02684-M (N.D. Tex. Dec. 16, 2022) ..............................................................7

*Robinson v. Shell Oil Co.*,
   519 U.S. 337 (1997) ...........................................................................................................9

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
   CG Docket No. 02-278, 18 FCC Rcd. 14014 (July 3, 2003)...........................................13

*Russello v. United States*,
   464 U.S. 16 (1983)...........................................................................................................10

*Santa Fe Indus., Inc. v. Green*,
   430 U.S. 462 (1977) .........................................................................................................14

*Shelton v. Fast Advance Funding, LLC*,
   378 F. Supp. 3d 356 (E.D. Pa. 2019)...............................................................................11

*Spinelli v. Storm Tight Windows*,
   No. 8-62592-CIV-DIMITROULEAS, 2019 WL 13292490 (S.D. Fla. Feb. 21, 2019).................................................................................................................................12

*Stokes v. Sw. Airlines*,
   887 F.3d 199 (5th Cir. 2018) ........................................................... 15

*Touche Ross & Co. v. Redington*,
   442 U.S. 560 (1979) .................................................................. 14, 15

*Walker v. Beaumont Indep. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) ............................................................. 8

*West Virginia v. Env't Prot. Agency*,
   142 S. Ct. 2587 (2022) ................................................................... 14

*Zehala v. Am. Express*,
   No. 2:10-cv-848, 2011 WL 4484297 (S.D. Ohio Sept. 26, 2011) ....................... 10

*Ziglar v. Abbasi*,
   137 S. Ct. 1843 (2017) ................................................................... 14

**Statutes**

28 U.S.C. § 2241 ............................................................................ 10

47 U.S.C. § 227(b) ...................................................................... 8, 13

47 U.S.C. § 227(b)(1)(A)(iii) ......................................................... 8, 9, 10

47 U.S.C. § 227(b)(1)(B) .............................................................. 9, 10

47 U.S.C. § 227(c) .................................................................... *passim*

47 U.S.C. § 227(c)(1) ............................................................ 7, 8, 10, 14

47 U.S.C. § 227(c)(2) .................................................................. 8, 10

47 U.S.C. § 227(c)(3) .............................................................. 8, 10, 13

47 U.S.C. § 227(c)(5) ............................................................... *passim*

Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ...................... 1

TEX. BUS. & COM. CODE § 302.101 (a) ................................................. 1, 2, 4

**Other Authorities**

47 C.F.R. § 64.1200(c) ............................................................... 10, 13

47 C.F.R. § 64.1200(c)(2) ............................................................ *passim*

47 C.F.R. § 64.1200(d) ..................................................................... 11

47 C.F.R. § 64.1200(d)(1) ................................................................................................ 10

47 C.F.R. § 64.1200(e) .......................................................................................... 13, 14, 15

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 1, 3, 8, 15

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant 33 Mile Radius LLC d/b/a EverConnect ("EverConnect") files this Motion to Dismiss Plaintiff's Class Action Complaint [Doc. 1] and Brief in Support, and states as follows:

## I.     INTRODUCTION

This is a putative class action brought under the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and its Texas law corollary, Texas Business & Commerce Code ("TBCC") § 302.101. Plaintiff Kelly Pinn is a serial TCPA plaintiff who is suing EverConnect for phone calls that EverConnect did not place. What's more, she claims that EverConnect violated the Do-Not-Call provision of the TCPA for calling her *residential* phone line, even though she has filed other lawsuits alleging that the same number is a *cellular* number. And based on the TCPA's plain language, calls to cell phones do not give rise to a cause of action under 47 U.S.C. § 227(c), the sole TCPA claim alleged in the Complaint. The Court should dismiss the Complaint for failure to state a claim for two reasons.

*First*, Pinn fails to plausibly allege that EverConnect violated either the federal TCPA or TBCC § 302.101. Pinn alleges that a third-party call center, not EverConnect, placed the allegedly offending calls made on behalf of Defendant Hufsey Home Services, Inc. ("Hufsey"). EverConnect cannot be liable under these statutes because Pinn does not plausibly allege that EverConnect made or initiated these calls, nor does she allege facts that would hold EverConnect vicariously liable for calls by a third-party call center. Pinn thus fails to allege any violation by EverConnect, and the entire Complaint fails.

*Second*, Pinn's TCPA claim fails for the additional reason that she cannot bring a cause of action for an alleged violation of the federal Do-Not-Call ("DNC") regulation, 47 C.F.R. § 64.1200(c)(2). For one thing, Pinn does not allege more than one actionable call, as the TCPA and regulation require. For another thing, a private right of action lies only for calls to "residential"

phone numbers, not cellular numbers, and here, the alleged calls were made to Pinn's cell phone number. The TCPA claim thus fails based on these independent grounds.

The Court should thus dismiss the entire Complaint with prejudice.

## II.   PLAINTIFF'S FACTUAL ALLEGATIONS

Pinn alleges receiving five phone calls to her number (817) 903-XXXX between November 3 and November 17, 2023. Compl. ¶ 25. While Pinn alleges that this number is a residential line, her public allegations in 10 other lawsuits confirm it was a cell phone number. *See infra*, n.4 (collecting cases).

Pinn alleges that the calls "were all sent from a call center identifying itself as 'US Saving Centre'" or "'US Home Improvements.'" Compl. ¶ 25. According to Pinn, the calls were made from various caller IDs (each different from the other). During one of these alleged calls (placed on November 17), Pinn contends that she was transferred to Hufsey. *Id.* ¶¶ 35-38. Plaintiff further alleges that "subsequent to the calls," Hufsey informed her that it "hired" EverConnect "to generate leads." *Id.* ¶¶ 37-38. Pinn further alleges that EverConnect, an Ohio-based company, is not "registered as a telephone solicitor with the Texas Secretary of State." *Id.* ¶¶ 7, 39. But apart from conclusory allegations that Hufsey engaged "vendors, including EverConnect," to generate leads, *see, e.g.*, *id.* ¶ 47, Pinn alleges no facts showing that EverConnect placed the November calls alleged in the Complaint.

Despite this lack of factual allegations establishing that EverConnect made the specifically alleged calls,[1] Pinn alleges that EverConnect violated the DNC provision of the TCPA and TBCC § 302.101, and even though only one of the alleged calls was transferred to Hufsey. EverConnect now moves to dismiss the Complaint, as explained below.

---

[1] Indeed, EverConnect did not make any of the alleged outbound calls to Plaintiff.

### III.    APPLICABLE LEGAL STANDARD

Rule 12(b)(6) requires plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard is satisfied only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint needs "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the Court's inquiry is limited to the complaint's allegations, "[t]he Court may take judicial notice of Plaintiff's other lawsuits as a matter of public record." *Crittendon v. Tex. Health & Hum. Servs. Comm'n*, No. 1:23-CV-00327-LY-SH, 2023 WL 3483358, at *1 n.1 (W.D. Tex. Apr. 13, 2023) (citing *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019)), *adopted by* 2023 WL 3483901 (W.D. Tex. May 16, 2023).

### IV.    ARGUMENT AND AUTHORITIES

**A.    The Complaint Should Be Dismissed Because Plaintiff Does Not Allege That EverConnect Placed the Offending Calls.**

To state a claim under the TCPA, Pinn must plausibly allege "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection . . . ." 47 U.S.C. § 227(c)(5). Pinn claims that EverConnect violated 47 C.F.R. § 64.1200(c)(2), which provides that "[n]o person or entity shall initiate any telephone solicitation to" a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." But "[f]or Defendant to be directly liable for the alleged TCPA violations, Defendant must have 'initiated' the phone calls. Initiating a phone call, in turn, 'means that the entity takes the steps necessary to physically place a telephone call.'" *Katz v. Caliber Home Loans, Inc.*, No. 3:23-CV-0145-S, 2023 WL 5311488, at *2 (N.D. Tex.

Aug. 17, 2023) (internal citations omitted). Thus, to state a claim under 47 U.S.C. § 227(c)(5), Pinn must plausibly allege that EverConnect initiated more than one actionable call in violation of the regulations prescribed by § 227(c). Indeed, Judge Lynn recognized this just last month in another of Pinn's lawsuits in this district. *See, e.g.*, *Pinn v. Cyclebar Franchising, LLC*, No. 3:23-cv-01540-M, 2023 WL 8374749, at *2 (N.D. Tex. Dec. 4, 2023) ("For a violation of the TCPA, the plaintiff must plead receipt of 'more than one telephone' communication. 47 U.S.C. § 227(c)(5)"). So, too, under the TBCC, which states that "[a] seller may not *make* a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." TEX. BUS. & COM. CODE § 302.101 (a) (emphasis added).[2] The claim fails if Pinn does not plausibly allege that EverConnect "made" the telephone solicitation at issue.

Neither claim can survive dismissal because Pinn does not allege facts showing that EverConnect made or initiated these calls. Instead, she alleges that a third-party "call center" referred to as "US Saving Centre" or "US Home Improvements" made the calls, not EverConnect. Compl. ¶ 25. Pinn never alleges that EverConnect was the caller or that it otherwise initiated the alleged calls, and she pleads no facts that would allow the Court to infer that conclusion. Courts in this district routinely dismiss claims like this that fail to plausibly allege facts that the defendant placed the calls at issue. *See, e.g.*, *Katz*, 2023 WL 5311488, at *2-3; *Cunningham v. Daybreak Solar Power, LLC*, No. 4:22-cv-00599-O, 2023 WL 3985245, at *2-3 (N.D. Tex. June 13, 2023); *Hunsinger v. Dynata LLC*, No. 3:22-cv-00136-G-BT, 2023 WL 2377481, at *5-6 (N.D. Tex.

---

[2] Plaintiff alleges that EverConnect is in Ohio, not Texas, and that "[n]one of the Defendants is registered with the Texas Secretary of State," Compl. ¶¶ 7, 19, but does not allege whether EverConnect "holds a registration certificate for the business location *from which the telephone solicitation is made*." TEX. BUS. & COM. CODE § 302.101(a) (emphasis added).

Feb. 7, 2023), *report and recommendation adopted by* 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023).

Nor does Pinn allege that EverConnect took actions to *physically place* the alleged calls. The Complaint merely alleges that EverConnect was "hired . . . to generate leads," Compl. ¶¶ 37-38, but that allegation without more is insufficient where Pinn does not allege any facts to plausibly show that the alleged calls were made by EverConnect—nor could she given her allegation that the call centers identified themselves as "US Saving Centre" or "US Home Improvement," not EverConnect.[3] *See, e.g.*, *Cunningham*, 2023 WL 3985245, at *2 (dismissing TCPA claim because allegations of calls "on behalf of The-Solar-Project.com" and "conclusory" assertions that the named entity was a "trade or marketing name" used by the defendant "fail to plausibly show that Defendant physically initiated the phone call"); *Katz*, 2023 WL 5311488, at *2 (ruling that allegations "Defendant made telemarketing calls to numbers on the National Do Not Call Registry, and that Plaintiff got calls from the Defendant" were too "conclusory" and thus "insufficient" to show that "defendant is the party that made the calls" at issue) (cleaned up).

Pinn also alleges no facts that would impose vicarious liability on EverConnect. She pleads no agency relationship between EverConnect and the alleged callers, and she does not seek to hold EverConnect (as opposed to Hufsey, *see* Compl. ¶¶ 44-60) indirectly liable for these alleged calls. *See Cunningham*, 2023 WL 3985245, at *3 (finding defendant was not vicariously liable for any TCPA violation where plaintiff alleged no facts indicating there existed an agency relationship with the third-party telemarketer); *Hunsinger*, 2023 WL 2377481, at *6 (finding allegations that defendant "owns the phone number" used to make the calls that directed plaintiff to defendant's

---

[3] Plaintiff has filed at least 14 lawsuits against alleged telemarketers from various caller IDs, and it is plausible that the calls alleged here—devoid of any factual substantiation that they were placed by EverConnect—were made by other third parties.

website were "still not sufficient to permit the Court to infer the call or the text was initiated by an entity acting with any authority" from defendant, stating the "sheer possibility that a third party—on [defendant's] behalf—initiated a call or text . . . does not establish an agency relationship sufficient to state a claim under the TCPA").

Without plausible allegations that EverConnect made, or even physically took steps to initiate, the alleged calls, Pinn's TCPA and TBCC claims fail. *See Hunsinger*, 2023 WL 2377481, at *6 (finding both the TCPA and state law claims were subject to dismissal for failing to sufficiently plead that defendant was directly or vicariously liable for placing the alleged calls).

**B.   The TCPA Claim Should Also Be Dismissed Because Plaintiff Does Not Plead an Actionable Violation under 47 U.S.C. § 227(c).**

   **1.   *Plaintiff Fails to Allege More than One Actionable Call as Required by the Plain Terms of the Statute.***

Even if it were enough to establish that EverConnect initiated the call to Hufsey based on the mere, generalized allegation that it was hired to generate leads, Pinn alleges only one call made on Hufsey's behalf, placed on November 17, 2023. Compl. ¶¶ 35-36. No facts indicate that the other calls—allegedly made on November 3, 8 and 16—were connected to Hufsey in any way. *Id.* ¶¶ 28, 30, 33. Those other calls were made from different caller IDs, and not the same outbound number that Pinn alleges made the November 17 call transferred to Hufsey. *Compare id.* ¶¶ 28, 30, 33, *with* ¶ 35. Because Pinn does not plausibly allege that these other calls were made in connection with Hufsey, she fails to allege any facts to even allow the inference that EverConnect made more than one actionable call within a 12-month period. Pinn therefore fails to plead the requisite elements under 47 U.S.C. § 227(c)(5), and dismissal is required on this additional, separate ground, as Judge Lynn did last month. *See Pinn* 2023 WL 8374749, at *3 (dismissing TCPA and TBCC claims with prejudice because "Pinn has not pleaded more than one telephone communication from CycleBar and thus has not pleaded a violation of the TCPA [under 47 U.S.C.

§ 227(c)(5)] or TBCC § 305.053); *see also Collins v. Sonic Corp.*, No. CIV-20-01067-JD, 2022 WL 2298194, at *3-4 (W.D. Okla. June 22, 2022) (dismissing TCPA claim with prejudice because "the plain text of § 227(c)(5), requiring that more than one text be sent to Collins '*in violation of* the regulations prescribed' in that section," and "[t]he Court cannot infer that Sonic sent two violative texts when Collins has only plausibly alleged one violative text").

> **2.    *Plaintiff Cannot Assert a Cause of Action under 47 U.S.C. § 227(c) because the Alleged Calls Were Made to a Cellular Number and Therefore Were Not Calls Made to a "Residential Telephone Subscriber."***

Dismissal is further warranted because Pinn's phone number (817) 903-XXXX is a cellular phone line,[4] not a residential phone line, and calls made to her cell phone number do not give rise to a cause of action under § 227(c) of the TCPA. Although there are decisions to the contrary in this district, as discussed below, the plain language in the statute and the DNC regulation simply do not offer a private remedy for calls to cell phones.

> **a.    *The pertinent language of the TCPA applies only to "residential telephone subscribers."***

The private legal remedy provided under the DNC provision expressly applies solely to "residential telephone subscribers," not cellular phone users. *See* 47 U.S.C. § 227(c). Section 227(c)(1) authorizes the creation of the DNC Registry "to protect *residential* telephone subscribers' privacy rights," 47 U.S.C. § 227(c)(1) (emphasis added), by creating a database of phone numbers of "*residential* subscribers who object to receiving telephone solicitations[.]"

---

[4] In at least ten other lawsuits, Pinn has alleged that this is a cell phone number, and has even stated that she "does not have a landline telephone number." *See Pinn v. Cyclebar Franchising, LLC*, No. 3:23-cv-01540-G (N.D. Tex. July 7, 2023), Compl. ¶¶ 31, 35; *see also Pinn v. Energy Solutions Direct Solar*, No. 3:21-cv-02330-X (N.D. Tex. Sept. 30, 2021), Compl. ¶ 14; *Pinn v. Vehicle Prot. Services, LLC*, No. 3:21-cv-02907-N (N.D. Tex. Nov. 19, 2021), Compl. ¶ 23; *Pinn v. Nations Auto Prot. LLC et al.*, No. 3:22-cv-05810-ZNQ-LHG (D.N.J. Sept 30, 2022), Compl. ¶ 23; *Pinn v. Xponential Fitness, Inc.*, No. 3:22-cv-02684-M (N.D. Tex. Dec. 16, 2022), Compl. ¶ 17; *Pinn v. TogetherHealth Ins., LLC*, No. 3:23-cv-00251-L (N.D. Tex. Feb. 3, 2023), Compl. ¶ 17; *Pinn v. Vehicle Prot. Specialists, LLC*, No. 3:23-cv-00790-K (N.D. Tex. Apr. 13, 2023), Compl. ¶ 25; *Pinn v. Ethos Technologies, Inc.*, No. 3:23-cv-03869-AMO (N.D. Cal. Aug. 2, 2023), Compl. ¶ 15; *Pinn v. Live Calls Network, LLC*, No. 8:23-cv-02927-DLB (D. Md. Oct. 27, 2023), Compl. ¶ 35; *Pinn v. United Ins. Professionals, LLC*, No. 2:24-cv-00127-MHW-EPD (S.D. Ohio Jan. 1, 2024), Compl. ¶ 21. EverConnect provides these complaints in a separately filed Appendix.

47 U.S.C. § 227(c)(3) (emphasis added). Section 227(c)(2) further authorizes the Federal Communications Commission (FCC) to "prescribe regulations to implement methods and procedures for protecting the privacy rights described in" § 227(c)(1) as it pertains to "residential telephone subscribers" only. 47 U.S.C. § 227(c)(2). Additionally, § 227(c)(5) establishes a private right of action to anyone "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

      b.    *Consistent with the statute, the DNC regulation under 47 C.F.R. § 64.1200(c)(2) applies only to "residential telephone subscribers."*

Pinn bases her claim on 47 C.F.R. § 64.1200(c)(2), *see* Compl. ¶¶ 13, 15, which provides that no one shall initiate a telephone solicitation to a "*residential* telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]" 47 C.F.R. § 64.1200(c)(2) (emphasis added). Neither § 227(c), nor the regulation under § 64.1200(c)(2), apply to cell phone calls. Instead, calls to *cellular* phone numbers are governed by a different provision of the TCPA that restricts the use of automated calls. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting calls made using an automatic telephone dialing system ("autodialer") or an artificial or prerecorded voice to phone numbers assigned to a "cellular telephone service").[5] Pinn cannot sue under 47 U.S.C. § 227(c) for calls made to her cell phone number because the statute, by its plain terms, applies to residential (not cellular) phone subscribers only.[6]

---

[5] Pinn does not and cannot assert a claim under 47 U.S.C. § 227(b) following the Supreme Court's recent decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), construing *autodialer* to **exclude** systems that merely dial phone numbers stored in a database, and holding "Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator" (which plaintiff does not and cannot allege). *Id.* at 1170-72 (rejecting a broad interpretation of autodialer because of the "narrow statutory design").

[6] *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) ("[C]laims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'").

This is simply a matter of applying the statutory language to Pinn's allegations. As the Supreme Court has explained, the "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning" by referring "to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340–41 (1997). The "inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Id.* at 340. And sections 227(c) and 64.1200(c) unambiguously apply to *residential* lines, not cell phone lines.

The limited scope of § 227(c) is evidenced by the statutory framework and text. The TCPA distinguishes between "residential" and "cellular" phone lines in different prohibitions of the statute, and the terms are not used interchangeably. This is made obvious by the presence of separate provisions that restrict calls made using "an artificial or prerecorded voice" to *cellular* phone lines in 47 U.S.C. § 227(b)(1)(A)(iii) and to *residential telephone lines* in § 227(b)(1)(B).

c.     *Federal courts strictly and narrowly construe the TCPA's language.*

The Supreme Court has recognized this statutory distinction in a recent prominent TCPA case. In *Duguid*, the Court explained that the TCPA "separately prohibits calls using 'an artificial or prerecorded voice' to various types of phone lines, including home phones and cell phones," making clear that the TCPA treats *residential* phone lines as distinct from *cellular* phone lines. *Duguid*, 141 S. Ct. at 1172. Likewise, the Eleventh Circuit has held that the TCPA distinguishes between calls to residential phone lines and those to cellular numbers. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014) (distinguishing calls made to a "residential telephone line" under 47 U.S.C. § 227(b)(1)(B) from calls made to a "cell-phone number," which concerned § 227(b)(1)(A)(iii)); *see also Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) (affirming district court ruling that explained that "practical realities support a distinction between residential and cellular lines"). The Third Circuit has also construed residential

lines under the TCPA to refer to "land-lines" and not cellular lines. *See Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 273 (3d Cir. 2013) (holding that certain exemptions "that apply exclusively to residential lines" do not apply to calls made to cellular phones).[7]

Pinn has no claim under § 227(c) for calls to her cell phone number because both the TCPA and the implementing regulation under 47 C.F.R. § 64.1200(c) restrict calls made to a *residential telephone subscriber*, not calls to a cellular phone subscriber.[8] Applying canons of statutory construction, the omission was deliberate in light of the TCPA's textual distinction between residential and cellular phones.[9] Pinn's characterization of her cell phone number as a residential phone line, Compl. ¶ 22, is immaterial because the statutory scheme and text distinguishes cellular calls from residential calls.[10]

---

[7] *See also Callier v. Greensky, Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *5–6 (W.D. Tex. May 10, 2021) (construing "residential telephone subscriber" in 47 C.F.R. § 64.1200(d)(1) to exclude cell phones and dismissing plaintiff's claim on this basis); *Cunningham v. Carribean Cruise Lines, Inc.*, No. 15-62580-CIV-MORENO, 2016 WL 7494871, at *2 (S.D. Fla. Dec. 29, 2016) ("While Plaintiff argues that his cellular phone serves as both a mobile and residential line, the Eleventh Circuit distinguishes residential land line telephone numbers from cell-phone numbers."); *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320–21 (S.D. Fla. 2012) ("the TCPA's residential calls prohibition is contained within a separate subsection from the cellular calls prohibition," *comparing* 47 U.S.C. § 227(b)(1)(A)(iii) *with* § 227(b)(1)(B), where "[t]he different provisions also provide different exemptions"), *aff'd*, 755 F.3d 1265 (11th Cir. 2014); *Zehala v. Am. Express*, No. 2:10-cv-848, 2011 WL 4484297, at *5 (S.D. Ohio Sept. 26, 2011) (*comparing* 47 U.S.C. § 227(b)(1)(A)(iii), restricting autodialed calls to cellular phone lines, *with* § 227(b)(1)(B), referring to calls made to residential phone lines, and holding that the exemption for an established business relationship qualifies only the language of § 227(b)(1) regarding residential phone lines and does not apply to cellular lines).

[8] The DNC provision set forth in 47 C.F.R. § 64.1200(c)(2) prohibits calls made to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . ." The regulation was promulgated under § 227(c) of the TCPA which directs the FCC to engage in rulemaking "concerning the need to protect *residential telephone subscribers'* privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1) (italics added). By the FCC's authority under § 227(c)(2) to adopt regulations "to implement methods and procedures for protecting the privacy rights described in [§ 227(c)(1)]," the Commission "may require the establishment and operation of a single national database to compile a list of telephone numbers of *residential subscribers* who object to receiving telephone solicitations . . . ." *Id.* § 227(c)(3) (italics added). The TCPA creates a private right of action for only an alleged "violation of the regulations prescribed under this subsection . . . ." *Id.* § 227(c)(5).

[9] *See Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006) ("A familiar principle of statutory construction . . . is that a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute."), *superseded by statute on other grounds*, Pub. L. No. 109-366, § 7, 120 Stat. 2600, 2635-36 (2006) (amending 28 U.S.C. § 2241); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion'").

[10] *See, e.g.*, *Morris v. Lincare, Inc.*, No. 8:22-cv-2048-CEH-AAS, 2023 WL 5336780, at *4 (M.D. Fla. Aug. 18, 2023) ("[C]ourts use 'home phone' and 'residential telephone' to refer to the TCPA's language 'residential telephone line.'

      d.     *Courts are divided, but those considering the statutory language have concluded that section 227(c) excludes calls to cell phones.*

The Fifth Circuit has not decided whether 47 U.S.C. § 227(c) applies to cell phone numbers, and federal district courts in Texas appear split on the issue. For example, the Eastern District has applied the statute narrowly and held that the statute does not apply to cell phones. *Cunningham v. Creative Edge Mktg. LLC*, No. 4:19-CV-00669-ALM-CAN, 2021 WL 2792353, at *4 (E.D. Tex. June 16, 2021), *report and recommendation adopted*, No. 4:19-CV-669, 2021 WL 3048400 (E.D. Tex. July 20, 2021); *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021) (ruling that the regulation prohibiting telemarketing calls to "a residential telephone subscriber" under 47 C.F.R. § 64.1200(d) "does not apply to cellphones").[11] But others, including courts in the Western and Northern Districts, have reached the opposite conclusion. *See, e.g.*, *Guadian v. United Tax DEF. LLC*, No. EP-23-CV-00349-KC, 2024 WL 140249, at *5 (W.D. Tex. Jan. 12, 2024) (granting motion for default judgment); *Hunsinger v. Alpha Cash Buyers*, No. 3:21-cv-1598-D, 2022 WL 562761, at *7-8 (N.D. Tex. Feb. 24, 2022) (relying on policy arguments set forth in the 2003 FCC Order). EverConnect

---

While these terms are used by courts interchangeably, they are distinct from cell phones.") (citing *Barr v. Am. Ass'n of Pol. Consultants*, 140 S. Ct. 2335, 2345 n.3 (2020)); *Cunningham*, 2016 WL 7494871, at *2 ("[T]he Court finds Plaintiff's assertion that a cellular phone can be converted into a residential phone unavailing."); *Morgan v. U.S. Xpress, Inc.*, No. 3:17-cv-00085, 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018) ("Plaintiff's characterization of the cell phone as a 'residential, cellular telephone line' is not determinative of this question. These are not factual allegations, but legal terms drawn from the operative statute. . . . Congress's structural choice to treat these different types of calls differently has been observed by abundant and uniform . . . authority.").

[11] *See also Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 362 n.7 (E.D. Pa. 2019) (concluding, without deciding the issue, that "the plain language of 'residential telephone' describes a telephone used by individuals in the home, and not a cellular telephone, which can be used anywhere. Furthermore, the TCPA specifically mentions 'cellular telephone service' in § 227(b) and § 64.1200(a)(l)(iii), indicating that both Congress and the FCC were aware of the distinction between a cellular telephone and a residential telephone and purposely protected only 'residential telephone subscribers' under § 227(c), § 64.1200(c) and (d). . . The Court, therefore, is not convinced that Congress and the FCC, through the TCPA and its regulations, intended to protect 'cellular telephone subscribers' along with 'residential telephone subscribers.'"); *Cunningham v. Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 WL 3222559, at *3 (M.D. Tenn. July 7, 2017) (ruling, based on the "plain language" of the TCPA regulation, that plaintiff cannot state a claim because "[t]he private right of action created by 47 U.S.C. § 227(c)(5) is . . . limited to redress for violations of the regulations that concern residential telephone subscribers," and plaintiff alleges only calls to his cell phone), *report and recommendation adopted*, 2017 WL 3220411, at *1 (July 28, 2017).

respectfully maintains that the Eastern District correctly applied the statute, and the courts in *Guadian* and *Hunsinger* did not address the statutory language argument. And in any event, Pinn's Complaint here does not allege facts substantiating her conclusory allegation that she "uses the number for personal, residential, and household reasons." Compl. ¶ 22.

Other courts analyzing the statutory language have taken the view adopted by the Eastern District of Texas and constrained the application of the statute to residential calls only. Last year, the Western District of North Carolina issued a well-reasoned opinion that fully considered the issue. *See Gaker v. Q3M Ins. Sols.*, No. 3:22-CV-00296-RJC-DSC, 2023 WL 2472649 (W.D.N.C. Feb. 8, 2023). The court explained that the plaintiff could not allege a violation of the DNC provision for calls to plaintiff's cell phone because "[t]he structure and language of the TCPA controvert coverage of cell phones" under § 227(c). *Id.* at *3. Based on "the clear text of the TCPA," *Gaker* found that "[t]he FCC's rulemaking authority under section 227(c) extends only to unwanted telephone solicitations directed at 'residential telephone subscribers.'" *Id.* The court agreed that "Section 227(c) of the TCPA and the corresponding regulations . . . appl[y] only to residential telephones and based upon the statutory language and structure, does not extend to cell phones." *Id.* at *2 (concluding that "the authority rests with Congress to amend the TCPA and bring cell phones within its protections").

Though some courts have ruled that cell phones may be treated as residential phones,[12] those cases do not fully consider the clear limitations of § 227(c) or the statutory distinction between residential and cellular phone lines, and rely instead on a separate rule created by the FCC

---

[12] *See, e.g.*, *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-cv-1598-D, 2022 WL 562761, at *2 n.3 (N.D. Tex. Feb. 23, 2022) (determining on a motion to dismiss that cell phones used for residential purposes do qualify as "residential telephone subscribers" but acknowledging the split among district courts on this issue and stating the court "may reconsider this conclusion at a later stage in this court if developments in the law so warrant"); *Spinelli v. Storm Tight Windows*, No. 8-62592-CIV-DIMITROULEAS, 2019 WL 13292490, at *4 (S.D. Fla. Feb. 21, 2019) (ruling, without deciding whether the plain terms of 47 U.S.C. § 227(c) excludes calls made to cell phone numbers, that plaintiffs whose cell phone numbers were listed on the DNC had stated a claim under § 227(c)(5)).

purporting to expand the regulations applying to "residential telephone" lines to "wireless" numbers. *See* 47 C.F.R. § 64.1200(e) (providing that the rules under § 64.1200(c) and (d) apply to "calls to wireless telephone numbers" in accordance with the FCC's Report and Order, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 18 FCC Rcd. 14014 (July 3, 2003) ("2003 FCC Order")).

This logic does not hold. As explained above, Congress did not authorize the FCC to prescribe regulations under § 227(c) for wireless or cellular subscribers. It instead instructed the agency to establish "a single national database to compile a list of telephone numbers of *residential subscribers . . . ." See* 47 U.S.C. § 227(c)(3) (italics added). This limitation is reflected in the implementing regulation under § 64.1200(c), which applies to only "residential telephone subscriber[s]," and does not refer to wireless or cellular subscribers. By contrast, § 64.1200(e) is not based on the language of § 227(c), but on a broad reading of legislative intent—inconsistent with the plain terms of the statute—as the agency explained in the 2003 FCC Order.[13] The FCC expressly relied on the autodialer provision under § 227(b) (*not* the DNC provision) of the TCPA to conclude that "the national database should allow for the registration of wireless telephone numbers, and that such action will better further the objectives of the TCPA." 2003 FCC Order ¶ 33 (*citing* 47 U.S.C. § 227(b)(1)(iii), not § 227(c), in concluding that "Congress has indicated its

---

[13] The 2003 FCC Order sought to expand the TCPA's coverage beyond the statute's plain terms based on a "broad 'reading of the legislative history'" that the Court of Appeals rejected. *See Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1308-9 (11th Cir. 2020) (adopting a narrower interpretation of the autodialer provision based on the language of the statute and not the FCC order). Here, the FCC rule similarly should not get deference because the statutory text is dispositive and makes clear that Congress did not intend the regulations promulgated under § 227(c) to apply to cellular subscribers. That should therefore be "the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron v. Natural Resources Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). Moreover, "interpretive rules" by the FCC are not binding. *See PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051 (2019) (questioning whether FCC rulings in TCPA cases are even binding in civil litigation, and remanding the case for a determination); *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 982 F.3d 258 (4th Cir. 2020) (holding that the relevant FCC order was interpretive, and thus not binding).

intent to provide significant protections under the TCPA to wireless uses").[14] The separate FCC rule under § 64.1200(e) therefore was not promulgated under 47 U.S.C. § 227(c), and tellingly, Pinn does not cite to this in her Complaint.

While the FCC may require telemarketers to comply with the DNC regulations for residential and wireless subscribers alike, Congress only created a cause of action for *residential* telephone subscribers where § 227(c)(5) limits the private right of action to a "violation of the regulations prescribed under this subsection" (not the autodialer provision cited in the 2003 FCC Order) to "protect residential telephone subscribers' privacy rights"—distinct from cell phone users. *See* 47 U.S.C. § 227(c)(1) & (c)(5). Even if Pinn alleged a violation of the 2003 FCC Order, the rule codified at 47 C.F.R. § 64.1200(e) does not create a claim under 47 U.S.C. § 227(c)(5). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). "If the statute itself does not display an intent to create a private remedy, then a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017) (cleaned up). Thus, even if it were within the FCC's prerogative to prescribe the regulation under 47 C.F.R. § 64.1200(e) and restrict calls to cell phone numbers on the DNC registry,[15] it does not follow that cell phone users can bring suit under 47 U.S.C. § 227(c)(5) which

---

[14] The FCC's creation of a separate rule under § 64.1200(e) to prohibit calls to wireless numbers on the DNC registry evidences the agency's own understanding that cellular lines and residential lines are regulated differently under the TCPA.

[15] As other courts have found, extending liability under § 227(c) to include calls made to cellular or "wireless" phone numbers listed on the DNC registry would deviate from the clear language of the statute and exceed the authority granted by Congress. *See, e.g.*, *Gaker*, 2023 WL 2472649, at *3; *see also West Virginia v. Env't Prot. Agency*, 142 S. Ct. 2587, 2609 (2022) ("Agencies have only those powers given to them by Congress, and enabling legislation is generally not an open book to which the agency may add pages and change the plot line." (citations omitted)); *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 472 (1977) ("The rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law," but "to carry into effect the will of Congress as expressed by the statute." (internal quotations and citations omitted)); *FTC v. Hornbeam Special*

creates a private right of action for residential telephone subscribers only. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("[A] regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not"); *Stokes v. Sw. Airlines*, 887 F.3d 199, 203 (5th Cir. 2018) ("Congress's creation of specific means of enforcing the statute indicates that it did not intend to allow an additional remedy—a private right of action—that it did not expressly mention at all."); *see also Touche Ross*, 442 U.S. at 577 n.18 ("[T]he language of the statute and not the rules must control.").

Accordingly, because 47 U.S.C. § 227(c) by its plain terms applies only to calls made to a residential phone line, not cellular lines, Pinn cannot allege a cause of action under § 227(c) based on alleged calls made to her cell phone number.

## V.      CONCLUSION

For these reasons, EverConnect asks the Court to grant this Rule 12(b)(6) motion to dismiss Plaintiff's Class Action Complaint in its entirety, and grant it all further relief, in law or in equity, to which it is justly entitled.

---

*Situations, LLC*, No. 1:17-cv-3094-TCB, 2018 WL 6254580, at *6 (N.D. Ga. Oct. 15, 2018) (stating that the Court is "aware of the need to carefully scrutinize an agency's suggested interpretations of its mandates and which have the effect of expanding its authority beyond the statutory bounds. If an agency was meant to have authority to do such and such a thing, Congress must say so. And when it has said, 'Thus far and no farther,' it is the Court's responsibility to blow the whistle and call the out of bounds."). The Court, however, need not determine the validity of the 2003 FCC Order to conclude, based on 47 U.S.C. § 227(c)(5), that a private right of action exists for an alleged violation of 47 C.F.R. § 64.1200(c)(2), but not the separate rule created by the FCC under § 64.1200(e).

Dated:  January 19, 2024

Respectfully submitted,

**GREENBERG TRAURIG LLP**

Christopher S. Dodrill
State Bar No. 24110696
christopher.dodrill@gtlaw.com
Alex E. Hartzell
State Bar No. 24126522
alex.hartzell@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Lori Chang (*Pro Hac Vice*)
changl.@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

**ATTORNEYS FOR DEFENDANT 33
MILE RADIUS LLC D/B/A
EVERCONNECT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, I filed the foregoing through the Court's CM/ECF

system, which will serve all counsel of record.

*/s/ Christopher S. Dodrill*
Christopher S. Dodrill