IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY PINN | § | |
| | § | |
| VS. | § | ACTION NO. 4:23-CV-1208-Y |
| | § | |
| HUFSEY HOME SERVICES, INC., | § | |
| et al. | § | |

**ORDER GRANTING MOTIONS TO DISMISS**

Before the Court are motions to dismiss for failure to state a claim filed by defendants Hufsey Home Service, Inc. (doc. 17), and 33 Mile Radius, LLC (doc. 12). For the reasons set forth below, the Court will grant both motions.

**BACKGROUND**

This case arises from alleged violations of the Telephone Consumer Protection Act ("TCPA").[1] Plaintiff alleges that, between November 3, 2023, and November 17, 2023, she received five unsolicited and automated calls from Defendants on her cell phone, which she uses for personal and residential purposes. Plaintiff alleges that her phone number was listed on the national "do not

---

[1] All recitations of fact, unless cited otherwise, are taken from Plaintiff's original complaint (doc. 1).

ORDER GRANTING MOTIONS TO DISMISS – PAGE 1

call" registry at least one year prior to receiving the calls. Each call came from a call center identifying itself as a variation of either "U.S. Saving Centre" or "U.S. Home Improvements." Each call allegedly came from a disguised, or "spoofed," caller identification, and at least one call originated from a number Plaintiff later confirmed through a government website was that of a "robocaller."

On one call, Plaintiff was transferred to a representative of defendant Hufsey Home Services. After that, Plaintiff initiated contact directly with Hufsey to inquire why she was receiving solicitations when her phone number was restricted. Hufsey's representative responded that Hufsey contracted with defendant 33 Mile Radius to generate sales leads but neither initiated—nor was responsible for—calling customers itself.

Plaintiff sued, asserting a claim under the TCPA, codified as 47 U.S.C. § 227(c)(5), and under the federal regulation it spawned, 47 C.F.R. § 64.1200(c). Plaintiff also asserts a claim under Section 302.101 of the Texas Business and Commerce Code because she alleges that neither defendant is a registered telephone solicitor as required under state law.

Defendants moved to dismiss, chiefly arguing that Plaintiff fails to plead enough facts to connect the "spoofed" caller identification numbers or the identities of the callers to the

defendants themselves. (Docs. 12, at 10-14; 17, at 14-15.)

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, dismissal of a complaint is appropriate if it fails to provide fair notice of a claim and plausible factual allegations to support it. *Id.*; Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is analyzed together with Rule 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th. Cir. 2007). But the court need not accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). After disregarding any conclusory statements, a complaint must have *Twombly* facial plausibility, which it has when a plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S., at 663. And although a plaintiff need not **prove** his or her

claim at the pleading stage, the complaint must set out sufficient facts to establish all ultimate elements of the claim asserted. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

## ANALYSIS

Defendants argue that Plaintiff fails to sufficiently allege facts to support a plausible claim that any of the "spoofed" calls were causally connected to them. (Docs. 12, at 13; 17, at 14.) Accordingly, Defendants contend that Plaintiff fails to state a claim because Plaintiff does not allege more than one actionable call as required by the TCPA. (*Id.*)

Enacted in response to a national outcry against annoying automated telephone solicitations, the TCPA makes it unlawful for any person "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). It is also unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded message without the prior express consent of the called party." § 227(B). But the law exempts calls made for non-commercial purposes, § 227(b)(2)(B)(i), and delegates

further rulemaking to the Federal Communication Commission ("FCC"). *See Id.* The statute further creates a private right of action for a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation" of § 227 or its regulations adopted by the FCC. § 227(c)(5).

Courts in this district have previously held that alleging the use of an automated telephone dialing system, without more, is insufficient to state a claim under the TCPA. *Cunningham v. Nationwide Security Solutions, Inc.*, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017) (Lynn, J.). But courts have also observed the difficulty plaintiffs have in pleading violations of the TCPA without the opportunity for initial discovery. *Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 562761, at *3 (N.D. Tex. Feb. 24, 2022) (Fitzwater, J.) (citing *Cunningham*, 2017 WL 10486988, at *3). Accordingly, it has become the practice of many courts to allow plaintiffs to rely on indirect allegations, like the similarity among message scripts, generic messages, or other circumstantial facts, to imply that an automated system was used in violation of the TCPA. *Id.* (collecting cases).

Here, even Plaintiff's indirect allegations do not contain enough facts to permit the Court to inference that Defendants used an automated system. Though her allegations that each call

ORDER GRANTING MOTIONS TO DISMISS – PAGE 5

contained a nearly identical script could imply the use of an automated system, (doc. 1, at 5-6), she uses the term "caller" to identify the initiating party of each call placed to her number—which cuts against an inference that the initiating party used an illegal artificial or prerecorded message. (*Id.*) Indeed, her complaint states that, on one occasion, "the caller refused to proceed further, instead stating that Plaintiff's number was on the 'do not call' list and to 'have a nice day.'" (*Id.*, at 6.) On another call, Plaintiff claims she was told that she "would receive a call back from a local contractor." (*Id.*) At the pleadings stage, these allegations do not support an inference that the offending callers used an automated, artificial, or prerecorded message that would violate the TCPA.

But more fatal for Plaintiff's complaint is its failure to causally connect the allegedly offending calls to the defendants named in this suit. Plaintiff alleges that each call came from entities identified as either "U.S. Saving Centre" or "U.S. Home Improvements"—neither of which are named defendants here. (Doc. 1, at 5.) She further alleges that at least three of the calls came from a "spoofed" caller identification number. (*Id.*, at 5-7.) But the complaint offers no facts aside from similarity in script to infer a connection between the spoofed numbers and **these** defendants. The only pleaded call that connects the alleged offense

ORDER GRANTING MOTIONS TO DISMISS - PAGE 6

to Defendants is one during which plaintiff was **transferred** to defendant Hufsey Home Services from the original telemarketer (*Id.*, at 7), which implies that Hufsey did not independently place the call. Even taking Plaintiff's allegation as true that Hufsey could be vicariously responsible for the call, she thereforep fails to plead more than **one** actionable call as required to assert a private right of action.

Accordingly, Plaintiff has failed to plead enough facts to state a plausible claim that Hufsey Home Services or 33 Mile Radius either: (1) used an automated system in violation of the TCPA; or (2) were responsible for spoofing the phone numbers Plaintiff alleges offended the law.

Having disposed of Plaintiff's federal claim under the TCPA, only her claim under section 302.101 of the Texas Business and Commerce Code remains. The Court will decline to exercise supplemental jurisdiction over that claim. *See* 28 U.S.C. § 1367(c); *Role Models of Am., Inc. v. Penmar Dev. Corp.*, 394 F.Supp.2d 121, 136 (D.D.C. Oct. 5, 2005) (reaffirming that district courts have discretion to reject supplemental jurisdiction over a state-law claim where all federal claims have been dismissed or otherwise resolved). Accordingly, Plaintiff's remaining state-law claim will be dismissed without prejudice.

**CONCLUSION**

Because Plaintiff's complaint fails to plead enough facts to make plausible two essential elements of her claim under the TCPA, Defendants' motions to dismiss (docs. 12; 17) are **GRANTED**. Plaintiff's claims under the TCPA are **DISMISSED with prejudice**, and her claim under Section 302.101 of the Texas Business and Commerce Code is **DISMISSED** without prejudice to its being refiled in an appropriate state court.

SIGNED June 4, 2024.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE